UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAFAEL RUIZ RUIZ, | Case No. 2:26-cv-01603-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MARKWAYNE MULLIN, TODD BLANCHE, TODD LYONS, LAURA HERMOSILLA, AND BRUCE SCOTT, | |
| Respondents. | |

## I.    INTRODUCTION

Before the Court is Rafael Ruiz Ruiz's petition for a writ of habeas corpus. Dkt. 1. Ruiz Ruiz argues that Respondents violated his right to procedural due process and seeks an order requiring his immediate release from detention. For the following reasons, the petition is GRANTED.

## II.    BACKGROUND

Ruiz Ruiz, a citizen of Mexico, entered the United States in 2005. Dkt. 1 ¶¶ 23–25. On June 10, 2012, he was charged with the crime of driving under the influence in the state of Oregon. Dkt. 7 ¶ 4. The charge was dismissed after Ruiz Ruiz completed a diversionary program. *Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Nearly a month later, Immigration and Customs Enforcement ("ICE") took Ruiz Ruiz into custody. *Id.* ¶ 4. He was given a Notice to Appear and was placed into removal proceedings. *Id.* ¶ 5. On August 28, 2012, Ruiz Ruiz was released on an Order of Release on Recognizance ("OREC") and placed in an alternative detention program with reporting requirements. *Id.* ¶ 7.

Ruiz Ruiz was granted employment authorization while his asylum application was pending. Dkt. 1 ¶ 29. He complied with all his reporting requirements, married a Legal Permanent Resident ("LPR"), and had three citizen children. *Id.* ¶ 31. On an unopposed motion by the Department of Homeland Security ("DHS"), Ruiz Ruiz's removal proceedings were administratively closed on January 15, 2015. Dkt. 7 ¶ 8; Dkt. 1-6 at 2.

More than a decade later, on April 21, 2026, ICE arrested Ruiz Ruiz and detained him within the Northwest ICE Processing Center ("NWIPC"). Dkt. 7 ¶ 9. Ruiz Ruiz never received notice or an opportunity to be heard before his re-detention. Dkt. 1 ¶ 37–38. Two days later, DHS moved to "recalendar" Ruiz Ruiz's removal proceedings under the assumption that Ruiz Ruiz did "not pursue[ a] path[] to legalization during his period of closure." Dkt. 7 ¶ 10; Dkt. 1 ¶ 33. However, Ruiz Ruiz's LPR wife had filed an I-130 petition on his behalf. *Id.*

The instant petition was filed on May 12. Dkt. 1. Respondents filed their response on May 27. Dkt. 5. Ruiz Ruiz replied to their response on May 28. Dkt. 8.

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV.    DISCUSSION

Ruiz Ruiz seeks his immediate release, arguing that his re-detention without a hearing violates his right to procedural due process. Dkt. 1 ¶¶ 39–52. In support of his petition, Ruiz Ruiz analyzes his circumstances through the three-factor test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), and discusses several cases from this district and elsewhere that have granted release to similarly situated petitioners. *Id.* ¶¶ 46–52; *see, e.g.*, *E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189 (W.D. Wash. 2025). The principles of *Mathews* and procedural due process as applied to noncitizens living in the community under orders of supervision have been repeatedly established by the courts of this District. This Court will not retread that ground in each individual case arising from Respondents' ongoing detention of noncitizens in violation of those principles. Instead, the Court will focus on whether anything in the record distinguishes a petition from this District's body of cases on procedural due process.

Respondents ask the Court to deny Ruiz Ruiz's petition for several reasons. First, without agreeing that it was correctly decided, Respondents concede that Ruiz Ruiz's detention is unlawful under this Court's decision in *Rodriguez Vazquez*. Dkt. 5 at 4–5 (citing *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025)). They contend, however, that the relief for that violation should be a bond hearing, not release. *See id.* Second, they argue that Ruiz Ruiz's detention is distinguishable from this District's body of re-detention cases because he was not under an OREC when he was arrested; his case was administratively closed. *Id.* at 5–6. Respondents maintain that because of this distinction, a bond hearing is a sufficient remedy. *Id.* (citing first *Garcia Gabriel v. Hermosillo*, No. 2:25-CV-02594-DGE-GJL, 2026 WL 194233, at

*5 (W.D. Wash. Jan. 26, 2026); then citing *Cotoc Yac De Yac v. Hermosillo*, No. 2:25-CV-02593-DGE-TLF, 2026 WL 124334, at *4 (W.D. Wash. Jan. 16, 2026)).

In response, Ruiz Ruiz argues that both *Garcia Gabriel* and *Cotoc Yac De Yac* are distinguishable because the two cases concern removal proceedings that were "terminated," which is materially different from the administrative closure of his removal proceedings. Dkt. 8 at 7. More specifically, "[t]ermination obviates any supervision, administrative closure does not," because ICE could call Ruiz Ruiz in for a check-in at any time while his immediate relative petition through his wife remained pending. *See id*.

Courts have previously considered whether detention without a hearing after the administrative closure of removal proceedings violates one's right to procedural due process. They have found that it does. *Zambrano-Vazquez v. Noem*, No. C26-122-RSM, 2026 WL 657129, at *3 (W.D. Wash. Mar. 9, 2026) (under *Mathews*, procedural due process violation occurred when the Government detained petitioner without notice or hearing after administrative closure of removal proceedings; ordering immediate release); *A.C.J. v. Hermosillo*, No. 2:25-CV-02486-DGE, 2026 WL 73857, at *6 (W.D. Wash. Jan. 9, 2026) (same); *Arroyo Silva v. Hermosillo*, No. 2:26-CV-00179-GJL, 2026 WL 445003, at *6 (W.D. Wash. Feb. 17, 2026) (also same). This case is not materially different. As Judge Martinez wrote in *Zambrano-Vazquez*, if anything, Ruiz Ruiz's liberty interest was "only strengthened by the Government allowing Petitioner to remain in the community since he posted bond . . . and his case was administratively closed." 2026 WL 657129 at *3.

## V.    CONCLUSION

For the reasons explained above, the Court finds that Ruiz Ruiz's detention without prior notice or opportunity to be heard violated his procedural due process rights. The Court orders as follows:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

1. The petition for writ of habeas corpus is GRANTED.

2. Within ONE day of this order, Respondents shall immediately release Petitioner Rafael Ruiz Ruiz on the same conditions of release imposed before his re-arrest in April 2026.

3. Upon release, Respondents must return to Ruiz Ruiz any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Counsel for respondents shall file a status report confirming Petitioner's release within 48 hours of the filing of this Order.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. Counsel are strongly encouraged to meet and confer before filing a fee petition to determine if the request for fees can be resolved or the issues before the Court narrowed.

Dated this 17th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5